|                                   |                      |
| --------------------------------- | -------------------- |
| UNITED STATES DISTRICT COURT      |                      |
| DISTRICT OF PUERTO RICO           |                      |
| ROBERTO REYES-PEREZ,              |                      |
|     Plaintiff,                    | Civil No. 11-1070 (JAF) |
|     v.                            |                      |
| STATE INSURANCE FUND, et al.,     |                      |
|     Defendants.                   |                      |

**OPINION AND ORDER**

In this action, Plaintiff Roberto Reyes-Pérez ("Plaintiff") sued his former employer, Puerto Rico's State Insurance Fund Corporation ("SIFC") and several of its officers. (Docket No. 1 at 2-3.) Plaintiff alleged that his dismissal from the SIFC was unconstitutional political discrimination.[1] Defendants moved for summary judgment (Docket No. 33), Plaintiff opposed (Docket No. 43), Defendants responded (Docket No. 52), and Plaintiff replied (Docket No. 60). We granted Defendants' motion and dismissed the case. (Docket No. 82.) Now, Plaintiff files this motion for reconsideration. (Docket No. 83.) Defendants oppose. (Docket No. 85.) For the reasons that follow, we deny Plaintiff's motion.

---

[1] Plaintiff alleged violations of his rights under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. (Id.) Plaintiff also brought supplemental claims under various Commonwealth statutes, including P.R. Law No. 100, of June 30, 1959, as amended, 29 L.P.R.A. § 146 et seq. ("Law 100"); P.R. Law No. 115, of December 20, 1991, as amended, 29 LPRA §§ 146–151 ("Law 115"), as well as Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141 and § 5142; and the Constitution of Puerto Rico. (Docket No. 1 at 2.)

# I.

## **Standard**

Plaintiff now brings a motion for reconsideration. (Docket No. 83.) In this circuit, "a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal Rules of Civil Procedure. Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence."[2] Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 11 (1st Cir. 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)). Plaintiffs' motion argues that our judgment was based on a clear legal error. We disagree.

# II.

## **Analysis**

In our opinion, we noted that "Plaintiff has largely failed to comply with the applicable rules governing summary judgment practice in this district." (Docket No. 82 at 2.) We further noted that "[o]n many critical matters in this case, 'Plaintiff's denials and qualifications are either irrelevant to the matter at hand, add facts that should have been filed in a separate statement, or consist of mere speculation, generalities, conclusory assertions, improbable inferences, and, for lack of a better phrase, a lot of 'hot air.'" (Id.) (quoting

---

[2] The First Circuit has also mentioned prevention of "manifest injustice" as another narrow ground for granting a Rule 59(e) motion. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Civil No. 11-1070 (JAF) -3-

Gomez-Gonzalez v. Rural Opportunities, Inc., 658 F.Supp. 2d 325, 336 n.16 (D.P.R. 2009) (internal citations omitted). Plaintiff's motion for reconsideration fares little better. The present motion contains the same style of long-winded argument, citations that are difficult to follow, and references to irrelevant facts as Plaintiff's earlier filings. Even if we were persuaded by Plaintiff's arguments, we reiterate that "a party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." Soto-Padro v. Public Bldgs. Auth., 675 F.3d 1, 5 (1st Cir. 2012) (internal quotations and citations omitted). More importantly, Plaintiff's motion fails to undermine the central rationales for our summary judgment order.

In our opinion, we gave several reasons for granting Defendants' motion. (Docket No. 82.) One reason was our finding that Plaintiff's dismissal was valid under local law and personnel regulations because he lacked the requisite five years of experience in contracting. (Id. at 12.) But, beyond that, we also held that Defendants had carried their burden of showing that Plaintiff would have been dismissed even if he was an NPP member. Plaintiff's motion for reconsideration challenges only the first of these rationales. (Id. at 14.)

Plaintiff argues that the question of whether his appointment complied with the "Merit Principle" was for the jury. (Docket No. 83.) We disagree. As we noted in our opinion, in evaluating an employer's Mt. Healthy defense, "the trier of fact essentially becomes a kind of super-personnel board making determinations about whether particular personnel actions violated state or local personnel laws." (Id.) (quoting Sanchez-Lopez v.

Fuentes-Pujols, 375 F.3d 121, 126 (1st Cir. 2004).  We determined, based on the uncontested facts, that the SIFC's audit legitimately found Plaintiff's reappointment in violation of the "Merit Principle," because Plaintiff lacked five years of experience contracting goods and services. (Docket No. 82 at 12.) Plaintiff points to several pieces of evidence that he argues undermine this conclusion: Missing personnel files, past certifications by former human resources professionals, the politicized nature of the SIFC and its audit process, and Rivera's "understanding" that Plaintiff did not comply. (Docket No. 83.) None of these are sufficient to create a genuine dispute. To present a question for the jury, Plaintiff was required to provide some direct evidence that he possessed the requisite experience. It is telling that instead of demonstrating his compliance with the rule, he relies on innuendo and allegations of improper motives at the SIFC. (Docket No. 83.)

Plaintiff makes much of the fact that a past director of the SIFC from the previous administration certified his compliance with the "Merit Principle." (Docket No. 83.) We are unimpressed. In our opinion, we noted that "the outgoing party attempts to secure the continued tenure of its members in public jobs through a variety of devices, such as reclassifying policy-type appointments as career positions." (Docket No. 82 at 14) (quoting Morales-Santiago v. Hernandez-Perez, 488 F.3d 465, 467 (1st Cir. 2007).  That, we held, was exactly what appeared to happen in Plaintiff's case. Just months before the elections in 2008, Plaintiff's position was reclassified from a trust to a career position, despite the fact that he was under-qualified, per SIFC rules and regulations, for the position. This was just the sort of personnel transaction that Defendants' investigations were designed to root out.

Civil No. 11-1070 (JAF) -5-

Moreover, Plaintiff's motion for reconsideration in no way undermines the second rationale for our decision. Quoting Soto-Padro, 675 F.3d at 5 (1st Cir. 2012), we held that "even if a plaintiff shows an impermissible political motive, he cannot win if the employer shows that it would have taken the same action anyway, say, as part of a bona fide reorganization." (Docket No. 82 at 14.) In our view, Defendants satisfied this burden by showing that they "would have reclassified [Plaintiff's] position even if he were an [NPP] member, which means that they have sufficiently established a Mt. Healthy defense." (Id.) (quoting Soto-Padro, 675 F.3d at 5). Plaintiff's motion does not challenge this part of our holding. For these reasons, Plaintiff's motion is denied.

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Plaintiff's motion for reconsideration (Docket No. 83).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of February, 2013.

                                                   s/José Antonio Fusté
                                                   JOSE ANTONIO FUSTE
                                                   United States District Judge